UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

STATES OF NEW JERSEY and MASSACHUSETTS
   Plaintiffs-Appellees

Against                                                 25-1200

DONALD TRUMP, et al.
   Defendants

MARK MARVIN,
   Interested Party- Appellant

---

Appeal from the District Court' Order
dismissing Mark Marvin's
BRANZBURG v. HAYES MOTION

---

Mark Marvin, 135 Mills Road, Walden, N.Y. 12586

Office of the Attorney General of New Jersey, 25 Market St., Trenton, N.J. 08625

Office of Attorney General, 1 Ashburton Place, 20 floor, Boston, MA 20108

Office of the Attorney General, 300 South Spring St. Suite 1702, Los Angeles, CA 90013-1230

U.S. Attorney General, Att: Eric Hamilton, Civil Div. Fed. Programs, 1100 L Street, NW, Washington, D.C. 20005

David Chiu, City Attorney, Fox Plaza, 7th floor, 1390 Market St. San
     Francisco CA 84102 added Feb 19, '25

i

## STATEMENT OF QUESTIONS INVOLVED.

I,   WHETHER PETITIONER HAS STANDING TO PARTICIPATE IN THIS CASE?

II,   WHETHER CONFLICT OF INTEREST MAKES PROCEEDING ILLOGICAL, AND UNFAIR, IF NOT IMPOSSIBLE TO ADJUDICATE AS PLAINTIFFS IMPLICITLY ADVOCATE THAT BIRTHRIGHT DOES NOT IMPLICATE THE ESSENTIAL BIRTHRIGHT TO BE BORN ALIVE?

# TABLE OF CONTENTS

STATEMENT OF QUESTIONS INVOLVED….i

TABLE OF AUTHORITIES…ii

WHY THIS COURT SHOULD GRANT THIS PETITION IN FURTHERANCE OF ITS APPELLATE JURISDICTION…..1

JURISDICTION….2

CONSTITUTIONAL PROVISIONS….2

LIST OF PARTIES….2

SUMMARY OF THE CASE….2

PROCEDURAL HISTORY OF THIS BIRTHRIGHT CASE….2

ARGUMENT

I,   PETITIONER HAS STANDING TO PARTICIPATE IN THIS CASE….3

II,   CONFLICT OF INTEREST MAKES PROCEEDING ILLOGICAL, AND UNFAIR, IF NOT IMPOSSIBLE TO ADJUDICATE AS PLAINTIFFS IMPLICITLY ADVOCATE THAT BIRTHRIGHT DOES NOT IMPLICATE THE ESSENTIAL BIRTHRIGHT TO BE BORN ALIVE…..4

CONCLUSION….7

ii

## TABLE OF AUTHORITIES

32 CFR 776.26,…..6

*Amador v. U.S.*, CA-1, 2024, 98 F.4d 28,….7

*Bell v. Cone*, 2002, 536 U.S. 685, 122 S.Ct. 1843, …6

*Branzburg v. Hayes*, 1972, 408 U.S. 665, 92 S.Ct. 2646,….3

*Dickenson v. U.S.*, 2000, 530 U.S. 428, 120 S.Ct. *2326,….1*

*McMellon v. U.S.*, 4th. Cir. 2004, 387 F.3d 329….1

*Mickens v. Taylor, Warden*, 2002, 535 U.S. 162, ……6

*Morrow v. Baloski, 3d Cir., 719 F.3d 160,….1*

*Payne v. Tenn.*, 501 U.S. 808, …1

*Pearson v. Callahan*, 2009, 555 U.S. 223, 129 S.Ct. 808,….1

*Roberts v. U.S.* 1980, 445 U.S. 552, 100 S.Ct. 1358…3

*Strickland v. Washington*, 466 U.S. 668.….7

*U.S. v. Cronic*, 466 U.S. 648, …..6

*U.S. v. Harris*, CA3, 2006, 471 F.3d 507) …..1

*U.S. v. Hernandez-Lebron*, 1994, CA-1, 23 F.3d 600.…7

*U.S. v. Miller*, CA-Mass, 463 F.2d 600,…..6

*United States v. Olano*, 507 U.S. 725, 732, 113 S.Ct. 1770.…1

*U.S. v. Russell*, 134 F.3d 171, 180 CA3, 1988.…1

*Wood v. Georgia*, 450 U.S. 261.…7

1

# WHY THIS COURT SHOULD GRANT THIS PETITION IN FURTHERANCE OF ITS APPELLATE JURISDICTION.

Plain error makes this case outstanding and obligatory. "Under plain error review, we may grant relief if, 1, the District Court committed an error 2, the error is plain, and 3, the error affects substantial rights (*United States v. Olano*, 507 U.S. 725, 732, 113 S.Ct. 1770). An error is a deviation from a legal rule. (*U.S. v. Russell*, 134 F.3d 171, 180 CA3, 1988) It is plain when it is clear under current law, And it affects substantial rights when it is prejudicial, it affects the outcome of the district court proceeding." (*U.S. v. Harris*, CA3, 2006, 471 F.3d 507) In *Harris*, the plain error referenced was bolstering.

Stare decesis is clearly implicated.

The Supreme Court has forwarded the reasoning that "*Stare decisis* promotes the evenhanded, predictable and considered development of legal principles, fosters reliance on judicial decisions, and contributes to the actual and perceived integrity of the judicial process." (*Pearson v. Callahan*, 2009, 555 U.S. 223, 129 S.Ct. 808, 816, citing: *Payne v. Tenn.*, 501 U.S. 808, 827)

"Even in constitutional cases the doctrine (*Stare decisis*) carries such persuasive force that we have always required a departure from precedent to be supported by some special justification." (*Dickenson v. U.S.*, 2000, 530 U.S. 428, 443, 120 S.Ct. *2326, 2336; See also: Morrow v. Baloski*, 3d Cir., 719 F.3d 160, 179; *McMellon v. U.S.*, 4th. Cir. 2004, 387 F.3d 329, 353)

## JURISDICTION

This Court has jurisdiction to review orders of the courts below. This Court has supervisory authority over courts below.

## CONSTITUTIONAL PROVISIONS

Questions of Due Process are involved regarding citizenship.

## LIST OF PARTIES

All parties appear in the caption of the case on the cover page.

## SUMMARY OF THE CASE

This case involves questions of birthright only minimally resolved since the civil war. Plaintiffs seek judgment that citizenship only requires birth in the United States. Mark Marvin as interested party seeks wider review particularly the fact that plaintiffs have taken a contradictory position that birthright does not involve the right to be born alive yet includes right to vote. Since the plaintiffs have moved the court for relief having taken contradictory stances, they should be disqualified as having a conflict of interest and cannot fairly represent the interests of children to birthright when they do not believe that birth is a right.

## PROCEDURAL HISTORY OF THIS BIRTHRIGHT CASE

Plaintiffs filed suit in the District Court. Mark Marvin as interested party filed his Application under *Branzburg v. Hayes* (1972, 408 U.S. 665, 92 S.Ct. 2646) a motion he believed should come on before the district court. The court denied his motion. He now appeals that denial and dismissal.

3

## ARGUMENT

I,   PETITIONER HAS STANDING TO PARTICIPATE IN THIS CASE.

Petitioner notes that the court (February 13, 2025, 146) is in error in that *Branzburg* specifically permits intervention of right in event of felony. (generic common law ) The citizen's duty (is) to raise the hue and cry and report felonies...." *Roberts v. U.S.* 1980, 445 U.S. 552, 557-58, 100 S.Ct. 1358, 1362, citing: *Branzburg v. Hayes*, 1972, 408 U.S. 665, 696, 92 S.Ct. 2646, 2664) In this case the plaintiffs purport to represent the interests of children under birth right, but inconsistently support the death of these children by abortion, thereby establishing a conflict of interest disqualifying them from representing the class of children they support the death of.

The court cites F.R.C.P. 24 (1) which provides an unconditional right to intervene by statute. However *Branzburg v. Hayes* is a rule of the United States Supreme Court which must be held to have superior authority to a simple rule which the Supreme Court has constitutional authority to supersede or modify at will in the interests of justice.

Therefore intervention is proper and a certificate of appealability is necessary to prevent an injustice to defenseless children who vote when convenient, or are destroyed when convenient.

4

II, CONFLICT OF INTEREST MAKES PROCEEDING ILLOGICAL, AND UNFAIR, IF NOT IMPOSSIBLE TO ADJUDICATE AS PLAINTIFFS IMPLICITLY ADVOCATE THAT BIRTHRIGHT DOES NOT IMPLICATE THE ESSENTIAL BIRTHRIGHT TO BE BORN ALIVE.

From Original Motion:

1, Plaintiffs seek Declaratory and Injunctive relief regarding defendants abandonment of unconstitutional practice of citizenship by accident of birth (birthright citizenship) to mothers who are not citizens themselves (Executive Order, January 20, 2025) without a test for "jurisdiction."

2, The Fourteenth Amendment Section 1 states "All persons born in the United States, and subject to the jurisdiction thereof, are citizens of the United States…." (owing allegiance)

3, Plaintiffs contend that they will be irreparably injured by the President's order. (E, paragraph 121) Such harm includes greater fiscal burden for essential services including numerous programs for the benefit of their residents, including for newborns and young children (paragraph 122) and "Medicaid provide(d) health insurance for individuals including children…." (paragraph 123) (see: pp. 23-28)

4, Plaintiffs allude to childrens' rights to health care excepting a "birthright right" right to birth, and not destroyed by an abortionist. For

5

unfathomable reasons plaintiffs seek to protect every conceivable right of children grow up to vote for federal funding, etc.

5, Note annexed statement from <u>New Jersey</u> Attorney General Matthew Platkin stating: "we strongly support your right to access abortion care." "Abortion care" unquestionably is the "right" to kill by abortion, the babies and children the civil suit purports to protect. Clearly the "birthright" which does not encompass a birth right to be born alive right is void for vagueness, if not disturbingly macabre.

6, Plaintiffs allude to almost every "right" except a "birthright right" to be born alive and not destroyed by an abortionist. For unfathomable reasons plaintiffs seek to protect every conceivable right of the newborn except the right of live birth.

7, Plaintiffs have expressed no desire to protect the prime right of an infant to be born alive, and consequently, their Complaint must be considered illogical, disingenuous, a hoax on the court and certainly not in the public interest and not justiciable.

8, Plaintiffs imply that rights are all or nothing, and have omitted e.g. the IRS Substantial presence test, where "you will be considered a United States resident for tax purposes if you meet the substantial presence test for the calendar year."

6

9, Plaintiffs have lost track of "birthright" children pressed into sex trafficking and/or slave labor.

10, Plaintiffs have expressed no desire to protect the prime right of a child to be born alive, and consequently, their Complaint must be considered illogical, disingenuous, a hoax on the court and certainly not in the public interest and not justiciable.

Statement of <u>Massachusetts</u> Attorney General is likewise consistent with the observation that there is no birthright right to birth recognized in Massachusetts.

Under 32 CFR 776.26, an attorney shall not represent a client if that representation involves a concurrent conflict of interest which exists if there is significant risk that that representation of one or more clients will be materially limited by the covered attorney's responsibilities to another client, a former client, or a third person or by a personal interest of the covered attorney. (*Mickens v. Taylor, Warden*, 2002, 535 U.S. 162, citing: "circumstances of that magnitude (different result, i.e. prejudice) *U.S. v. Cronic*, 466 U.S. 648, 659, N,. 26, may also arise when defendant's attorney actively represented conflicting interests." (See also: *U.S. v. Miller*, CA-Mass, 463 F.2d 600, 602)

"A trial would be presumptively unfair, we said, where the accused is denied the presence of counsel at a critical stage….Second we posited that a similar presumption was warranted if counsel entirely fails to subject the prosecutor's case to meaningful adversarial testing." (*Bell v. Cone*, 2002,

7

536 U.S. 685, 695-696, 697, 122 S.Ct. 1843, 1851) Failure to adduce mitigating evidence by counsel is consistent with *Strickland* standards of performance and prejudice. (Id. 697, 1852) (see: *Strickland v. Washington*, 466 U.S. 668)

"A defendant has a right to conflict free representation under the Sixth Amendment (*U.S. v. Hernandez-Lebron*, 1994, CA-1, 23 F.3d 600, 603, citing *Wood v. Georgia*, 450 U.S. 261, 271). "Trial courts are under a duty to inquire when confronted with a potential conflict of interest that could impact a defendant's Sixth Amendment right to representation free from conflict.... ( *Amador v. U.S.* , CA-1, 2024, 98 F.4d 28, 37) as well as a correlative right to representation that is free from conflicts of interest." (*Id.*) The right to counsel is "necessarily limited by the trial court's interest in ensuring that criminal trials are conducted within ethical and professional standards." (*Id.* (10,11, p 37))

CONCLUSION

WHEREFORE, as Plaintiff's Complaint appears dishonest and contrary to the public interest,

AND in order to advocate in this litigation, plaintiff must operate from an unavoidable conflict of interest in arguing for the birthright to vote, etc, but not the birthright to be born alive.

AND as the Fourteenth Amendment clause "subject to the jurisdiction thereof" (owing allegiance) should be understood as applicable to citizenship for live born i.e non-aborted children. (*U.S. v. Wang Kim Ark*, (1898) 169 U.S. 649) and dismissed.

*[signature: Mark Marvin]*

Mark Marvin
135 Mills Road
Walden, N.Y. 12586
845-778-4693
March 15, 2025

To:

Clerk, U.S. Court of Appeals, 1 Courthouse Way, Suite 2500, Boston, MA 02210

Office of the Attorney General of New Jersey, 25 Market St., Trenton, N.J. 08625

Office of the Attorney General, 300 South Spring St. Suite 1702, Los Angeles, CA 90013-1230

U.S. Attorney General, Att: Eric Hamilton, Civil Div. Fed. Programs, 1100 L Street, NW, Washington, D.C. 20005

15

STATE OF NEW JERSEY | DEPARTMENT OF LAW & PUBLIC SAFETY



# MATTHEW J. PLATKIN
## Attorney General



## Abortion Rights in New Jersey

Abortion remains legal in New Jersey, and no matter where you're from, we strongly support your right to access abortion care here. ✗

**Learn more about abortion rights in New Jersey.**   *care of infant?*



Translate »

# Accessing your right to abortion if you are...

In Massachusetts, you have a legal right to access an abortion, including access to medical and surgical abortion and telehealth abortion care. Abortion care is essential health care, and whether you are a Massachusetts resident or not, or a student, young adult, or minor – you have a right to access safe, affordable, and confidential abortion care in Massachusetts.

## ... in Massachusetts

*[handwritten: Care of Infant?]*

You have a right to access abortion care in Massachusetts, including medication and surgical abortions, whether you live in Massachusetts or travel to Massachusetts for care.
- If your pregnancy has lasted 24 weeks or less, you have an unqualified right to access an abortion in Massachusetts.
  - To find an abortion provider in Massachusetts, please visit: https://reproequitynow.org/find-a-provider-massachusetts
  - Most commonly, telehealth providers may prescribe and mail the abortion pill to you if your pregnancy is less than about 13 weeks.
- For pregnancies beyond 24 weeks, you have a right to access an abortion if:
  - A physician determines that it is necessary for the preservation of your life, physical health, or mental health; or
  - A physician determines the fetus has a lethal anomaly or diagnosis that means it is incompatible with sustained life outside of the uterus
  - To find a clinic that provides abortion services after 24 weeks of pregnancy, call the National Abortion Federation Hotline, **1-877-257-0012.**

## ... outside of Massachusetts

You can access an abortion in Massachusetts even if you do not live in Massachusetts. If you have questions about potential legal risk associated with accessing abortion care in Massachusetts, please contact the free and confidential Abortion Legal Hotline at **1-833-309-6301.**
- The hotline offers free and confidential legal advice for Massachusetts residents and those who travel to Massachusetts for an abortion, and also connects patients with information about abortion access and care in the state.
- Visit Accessing Abortion Care in Massachusetts for more information about protections for abortion and reproductive health services, finding a provider, or exploring payment options, located at: https://www.mass.gov/accessing-abortion-care-in-massachusetts

## ... on your college campus

You have a right to access abortion care through your campus health center if you attend a public college or university in Massachusetts. Your campus health center is required to provide medication abortion and/or abortion referrals.



**Massachusetts Attorney General Andrea Joy Campbell**

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

STATE OF NEW JERSEY and MASSACHUSETTS,
    Plaintiffs-Appellees

Against                                                                 25-1200

DONALD TRUMP, et al.
    Defendants

MARK MARVIN,
    Interested Party- Appellant

CERTIFICATE OF POVERTY

MARK MARVIN, certifies that he is a poor person unable to pay the costs of this action and he has the following assets:

Retirement bank accounts nearly $200,000 (age is 76) Walden Savings Bank

Ancestral possession of house he bought with his mother $300,000,

    expenses about $1,000 per month. (see: *Marvin v. Allen*, SDNY)

Social Security income $1400 per month (child support and medicare

    deducted) and deposit can income c. $100/ month.

Kia Soul auto $4,000 (2012)


Expenses: as many as 100's inmate cases in PA, NY, SC, DC

Affirmed as true,

*[signature]*

Mark Marvin

March 14, 2025                                                                 19


March 15, 2025

Clerk, U.S. Court of Appeals,
1 Courthouse Way, Suite 2500,
Boston, MA 02210

    Re: New Jersey, et al. v. Trump, et al. 25-1200

To the Court:

    Enclosed please find my brief in this matter, with service by U.S. Mail on: (see Courtlistener)

Office of the Attorney General of New Jersey, 25 Market St., Trenton, N.J. 08625

Office of Attorney General, 1 Ashburton Place, 20 floor, Boston, MA 20108

Office of the Attorney General, 300 South Spring St. Suite 1702, Los Angeles, CA 90013-1230

U.S. Attorney General, Att: Eric Hamilton, Civil Div. Fed. Programs, 1100 L Street, NW, Washington, D.C. 20005

David Chiu, City Attorney, Fox Plaza, 7th floor, 1390 Market St. San Francisco CA 84102 added Feb 19, '25

Yours,

*[signature]*

Mark Marvin
135 Mills Road
Walden, N.Y. 12586
845-778-4693

Mark Marvin
135 Mills Road
Walden, N.Y. 12586




Retail

U.S. POSTAGE PAID
FCM LG ENV
MONTGOMERY, NY 12549
MAR. 17, 2025
$2.31

02210
RDC 99
R2305M144355-7

Clerk US Court of Appeals
1 Courthouse Way 2500
Boston, MA 02210